United States District Court
District of Massachusetts

```
_____
                              )
TRACY J. BARTLETT.            )
                              )
          v.                  )     Civil Case No.
                              )     12-11443
DEPARTMENT OF TREASURY.       )
                              )
_____)
```

### MEMORANDUM AND ORDER

GORTON, J.

This case arises out of an alleged violation of the Rehabilitation Act, which prohibits disability discrimination against federal employees.  Plaintiff Tracey Bartlett ("plaintiff") alleges that she was forced to leave her position as a clerk in the Andover, Massachusetts office of defendant Department of the Treasury ("IRS") because she was subject to a hostile work environment.  Specifically, she asserts that defendant did not accommodate her failure to return to work as a result of her depression and did not provide her with employment benefits.

### I.   Background

On April 9. 2010 plaintiff sent a letter to her employer complaining about being disciplined for excessive absenteeism. In the letter she asserted that she would not be able to return to

work due to the "hostile work environment" and planned to take Disability Retirement. Plaintiff's separation was effective April 22, 2010. Plaintiff did not contact an Equal Employment Opportunity ("EEO") counselor at the IRS until December, 2010. She then initiated an administrative process with the IRS in order to seek redress for her complaint but did not receive a final decision denying her claim until May 9, 2012.

## II. Procedural History

Plaintiff filed her complaint on August 6, 2012. After obtaining an extension, defendant filed the pending motion to dismiss (Docket No. 8) on November 12, 2012 to which plaintiff has filed an opposition and defendant a reply to the opposition.

## III. Analysis

### A. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must accept as true all factual allegations underlying the claim and draw all reasonable inferences in favor of the non-moving party. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir.

2000). In considering the merits of a motion to dismiss, the Court may not look beyond the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the Complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).

### B. Application

The IRS contends that plaintiff is barred from bringing this action because she failed to contact one of its EEO counselors within 45 days after the alleged discriminatory act. Failure to do so serves as a bar to bringing a claim in court. See 29 C.F.R. § 1614.105(a)(1). Plaintiff admits that she failed to contact an EEO counselor within the mandated 45 days but contends that the deadline should be equitably tolled.

Plaintiff's contention is based on four grounds: 1) that plaintiff was suffering from mental illness at the time of her resignation, 2) that plaintiff initiated EEO counseling when she contacted a person who was logically connected to the EEOC process, 3) that defendant failed to provide her with notice of the 45-day deadline, and 4) that her employer was already on notice of the nature and substance of her dispute.

First, plaintiff's claim that she was suffering from mental illness at the time of her dismissal as a predicate for equitable tolling is without merit under First Circuit jurisprudence.

Indeed, cases cited by defendant confirm that a claim of mental illness does not constitute a prima facia showing for equitable tolling. See Lopez v. Citibank, 808 F.2d 905 (1st Cir. 1987). Instead, a plaintiff must show that her mental illness was so severe that she was unable to engage in the rational thought process and deliberate decision making necessary to pursue legal remedies in a timely fashion, either for herself or through counsel. Id.  Here, plaintiff does not contend that her mental illness was so debilitating that she was unable to meet the 45-day deadline. In fact, as defendant notes, the letter plaintiff left her employer at the time she resigned indicates the sophisticated level of planning and thought of which she was capable despite her illness.

Next, plaintiff's claim that she contacted someone who was logically connected with the EEOC and thus initiated the process is also unavailing. As defendant points out in its reply brief plaintiff did not attempt to contact anyone logically connected with the process until October 8, 2010, long after the 45-day period had lapsed.

The court construes the plaintiff's third purported ground for equitable tolling to be that defendant failed to give plaintiff notice of the 45-day contact period. Plaintiff has alleged no facts that would, however, suggest that any of the predicate circumstances that would give rise to tolling for want

of notice has occurred. Indeed, plaintiff has alleged no "affirmative misconduct" on the part of the IRS nor that defendant has violated "EEOC posting requirements." Mercado v. Ritz-Carlton, 41 F.3d 41, 46 (1st Cir. 2005). Instead, in her opposition to defendant's motion to dismiss, plaintiff makes only a conclusory statement that she was not given notice of the 45-day time limit. Yet plaintiff offers no facts that would support that allegation. Consequently, the allegation falls far short of creating a genuine issue of material fact that would allow this case to survive defendant's motion to dismiss. See United States v. AVX Corp., 962 F.2d 108,115 (1st Cir. 1992)(holding that unverified conclusions, not supported by stated facts, deserve no deference when deciding a motion to dismiss for failure to state a claim).

Plaintiff's final argument that the contact period should be equitably tolled because defendant was on notice of the nature of her claim is also without merit. Counsel cites no authority to suggest that the 45-day contact period is excused when defendant is previously put on notice of the nature of an employee's claim.

## ORDER

In accordance with the foregoing, defendant's Motion to Dismiss (Docket No. 8) is **ALLOWED** and the case is **DISMISSED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated February 4, 2013